NORTHERN DISTRICT OF TEXAS
FILED

JUL 2 5 2017

CLERK, U.S. DISTRICT COURT
by _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BRIAN WAYNE DRAKE,           )
    Petitioner,                )
                               )
v.                           )    No. 3:16-CV-1663-D
                               )    (Consolidated with
LORIE DAVIS, Director TDCJ-CID )    3:16-CV-2086-D)
    Respondent.                )


## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

### I. Procedural Background

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his five convictions for aggravated robbery with a deadly weapon. *State of Texas v. Brian Wayne Drake*, Nos. F-1320916-Q, F-1340858-Q, F-1370914-Q, F-1370920-Q, and F-1334020-Q, (Tex. App. – Dallas 2015). Petitioner pled guilty to the charges and was sentenced to ten years in prison for each case, to run concurrently. Petitioner filed direct appeals in each case. *Drake v. State*, Nos. 05-15-00599-CR, 05-15-00600-CR, 05-15-00601-CR, 05-15-00602-CR, 05-15-00603-CR (Tex. App. – Dallas 2015). He later filed a motion to dismiss his appeals,

Page -1-

which the Fifth District granted on July 30, 2015. He did not file any petitions for discretionary review.

Petitioner filed a state habeas petition in each case. *Ex parte Drake,* No. 84,531. On April 6, 2016, the Texas Court of Criminal Appeals denied the petitions without written order on the findings of the trial court without a hearing. Petitioner then filed five additional state habeas petitions. On May 4, 2016, the Court of Criminal Appeals denied the petitions without written order.

On June 6, 2016, and June 10, 2016, Petitioner filed the instant § 2254 petitions, which were consolidated by the Court. Petitioner claims:

1.  The indictment is void because:

    (a)  there is no seal of office on the indictment to prove it is authentic;

    (b)  there is no description of property, which fails to charge a specific crime; and

    (c)  there are no grand jury transcripts.

2.  His guilty plea was involuntary because he received ineffective assistance of counsel when his counsel:

    (a)  failed to object to the defects and validity of the indictment;

    (b)  failed to conduct a thorough investigation;

    (c)  failed to adequately argue a motion to suppress evidence;

    (d)  failed to prepare a trial strategy;

    (e)  failed to contact, interview, and subpoena defense witnesses;

    (f)  relied solely on the State's assessment of the facts;

(g)     showed a lack of interest in the case; and

(h)     allowed the State to use threats and intimidation to deter him from going

to trial.

3.     The trial court lacked jurisdiction because officers who arrested him did not

knock and announce themselves prior to entering his apartment, which resulted in

an unlawful arrest.

4.     The prosecution committed misconduct by prosecuting him with a void

indictment or charging instrument, and by using threats and intimidation to deter

him from going to trial.

On October 26, 2016, Respondent filed her answer.  On November 24, 2016, Petitioner

filed a reply.  The Court now finds the petition should be denied.

## II.  Discussion

## 1.     Standard of Review

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the

AEDPA), 28 U.S.C. § 2254 provide:

(d)     An application for writ of habeas corpus on behalf of a person in custody pursuant
to the judgment of a state court shall not be granted with respect to any claim that
was adjudicated on the merits in State court proceedings unless the adjudication of
the claim –

(1)     resulted in a decision that was contrary to, or involved an unreasonable
application of, clearly established Federal law, as determined by the
Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of
the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d).  Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000).  Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.  *Id.*

**2.      Procedural Bar**

Respondent argues Petitioner's fourth claim, that the prosecutor committed misconduct by prosecuting Petitioner with a void indictment and by using threats and intimidation to deter him from going to trial, is procedurally barred because Petitioner failed to raise the claim in state court.

A federal court will ordinarily not review a claim where a petitioner has not presented his claim to the highest court of the state and the state court to which he would be required to present his claims would now find the claim procedurally barred.  *See Coleman v. Thompson*, 501 U.S. 722, 729-31 (1991).

Here, Petitioner admits he failed to exhaust this claim, and he requests that the claims be dismissed.  *See* Reply at 1 (ECF No. 27.)  The Court therefore finds the claim should be dismissed.

3.    **Guilty Pleas**

Petitioner challenges his guilty pleas as involuntary due to the ineffective assistance of counsel. Prisoners challenging their guilty pleas on collateral review must overcome a "strong presumption of verity" accorded "solemn declarations" made in open court. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Prisoners must also overcome the presumption of regularity and "great weight" accorded court documents. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994).

The record shows Petitioner signed a judicial confession and plea agreement in each case. (ECF No. 20-2 at122, 124-27; No. 20-7 at 182, 184; No. 20-9 at 120, 126; No. 20-10 at 117, 126; No. 20-11 at 129, 135.) His plea agreements stated he was pleading guilty freely and voluntarily, and that his guilty pleas were not influenced by fear or persuasion. Additionally, at the plea hearing, Petitioner stated that he reviewed the indictments with his attorney and that he understood the charges and range of punishment. (ECF No. 20-5 at 44.) Petitioner stated he was entering his guilty pleas voluntarily, and that no one had forced or threatened him to plead guilty. (*Id.* at 45-46.) Petitioner has failed to show the state court's denial of this claim was unreasonable.

4.    **Ineffective Assistance of Counsel**

Petitioner claims he received ineffective assistance of counsel. To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the

Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

Petitioner claims his counsel had no trial strategy, lacked interest in the case, failed to object to the indictment, and that counsel relied solely on the State's assessment of the facts. The record shows Petitioner was tried on two aggravated robbery cases prior to his guilty pleas in this case. In his first trial, Petitioner admitted to committing the aggravated robberies in this case. (ECF No. 21-13 at 97-99.) He also sent correspondence to the prosecutor admitting that he committed the offenses in this case. (*Id.* at 95-96.) Petitioner fails to state what defense strategy was available that his counsel failed to pursue. Further, in his plea agreements, Petitioner waived any challenge to the indictment.

Additionally, on state habeas review, defense counsel submitted an affidavit disputing Petitioner's claim that counsel relied solely on the State's assessment of the facts. (ECF No. 21-13 at 88.) Counsel stated he spoke to the prosecutors and defense counsel from Petitioner's first

trial, reviewed the trial transcripts from the first trial, reviewed all crime scene videos and photographs, and reviewed all interviews and discovery requests. (*Id.* at 88-89.)

Petitioner also claims his counsel was ineffective when counsel failed to make a thorough investigation and contact or subpoena witnesses. To establish that counsel was ineffective for failure to investigate, the petitioner must do more than merely allege a failure to investigate – he must state with specificity what the investigation would have revealed, what specific evidence would have been disclosed, and how the evidence would have altered the outcome of the trial. *See Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994); *see also See Martin v. McCotter*, 796 F.2d 813, 819 (5th Cir. 1986) (finding "hypothetical or theoretical testimony will not justify the issuance of a writ . . . ."). On state habeas review, defense counsel submitted an affidavit stating: "Mr. Drake refused all requests for the names and phone numbers of family members to appear as character witnesses. The only person we talked to was his wife and she was served with a subpoena." (ECF No. 21-13 at 92.) Petitioner provides no evidence regarding any other witness's proposed testimony or that any other witness would have testified at trial.

Petitioner claims his counsel failed to argue a motion to suppress evidence obtained during the search of his home. Petitioner states the search was unlawful because his wife signed his name to the consent form under duress, and the officers failed to knock and announce their presence prior to entry. In the first trial, however, Detectives William Hutson and James Valenti testified that they observed Petitioner sign the consent to search form. (ECF No. 19-11 at 58-59; 156.) During the first trial defense counsel also admitted that Petitioner signed the consent to search form. (*Id.* at 156.) Defense counsel stated to Detective Hutson:

> COUNSEL:    Now, first of all, when you and other individuals went to his residence, he
> actually signed the consent to search, correct?

HUTSON:      He did.

COUNSEL:    Okay.  And he didn't have to do that, correct?

HUTSON:      He didn't.

(*Id.*)  Petitioner's ineffective assistance claim is without merit.

Petitioner also claims his counsel failed to object when the prosecutor told Petitioner he would never get out of prison if he was convicted at trial.  Petitioner claims the prosecutor coerced him into pleading guilty by telling him that if he proceeded to trial, he would never get out of prison and would never see his children again.  The record shows Petitioner was charged with seven first degree aggravated robbery felonies, and that four other aggravate robbery cases had not yet been indicted.  Prior to his guilty pleas in this case, Petitioner was tried on two of the cases, was found guilty, and was sentenced to twenty years in prison.  With the remaining five indicted cases, Petitioner's exposure was 5 to 99 years in each case.  Counsel was not ineffective in allowing the prosecutor to inform Petitioner of the possible consequences if he was convicted after a jury trial in the remaining cases.  A defense attorney, "should make informed predictions about the consequences of either pleading guilty or going to trial." *United States v. Cothran*, 302 F.3d 279, 284 (5th Cir. 2002).  A defense attorney's warnings about the potential for a lengthy prison sentence does not compromise the voluntariness of a guilty plea.  *Urseti v. Lynaugh*, 821 F.2d 1099, 1102 (5th Cir. 1987) (finding plea voluntary where attorney warned client he would be lucky to get 99 years if he went to trial).  Petitioner has failed to show his counsel was ineffective or that his guilty pleas were not voluntary.

Finally, claims of ineffective assistance of counsel are waived by a voluntary and intelligent guilty plea "except insofar as the alleged ineffectiveness relates to the voluntariness of

the giving of the guilty plea." *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). To the extent

Petitioner's claims do not relate to the voluntariness of his guilty plea, they are waived. *See id.*

(finding claims of ineffective assistance of counsel for failure to review evidence, investigate

witnesses or the legality of petitioner's arrest, and failure to find flaws in the prosecution's case

were non-jurisdictional and waived by valid guilty plea); *see also, Wisener v. Thaler*, No. 4:09-

CV-359-Y, 2010 WL 546738 at *4 (N.D. Tex. Feb. 17, 2010) ("[T]o the extent [petitioner]

complains that . . . trial counsel failed to conduct an independent investigation into the facts of

his case, to file pretrial motions, and to interview key state witnesses on his behalf, matters

unrelated to the voluntariness of his plea, the claims are non-jurisdictional and are waived by the

plea.") (citing *United States v. Broce*, 488 U.S. 563, 573-74 (1989)); *Walker v. Thaler*, No. 4:11-

CV-776-, 2012 WL 426639 at *6 (N.D. Tex. Feb. 10, 2012) (finding valid guilty plea waived

claims that counsel "failed to familiarize himself with the law of the case, investigate the prior

felonies used to enhance petitioner's sentence, and file pretrial motions."). These claims should

therefore be denied.

5.    **Indictments**

Petitioner claims the indictments were void because there was no seal of office on the

indictments to prove they were authentic, there were no property descriptions of property, and

there were no grand jury transcripts. Petitioner raised his challenge to the indictments on state

habeas review, and the Court of Criminal Appeals denied the claims. Where the question of

sufficiency of the indictment is presented to the highest state court of appeals, the issue is

foreclosed in federal habeas proceedings. *Evans v. Cain*, 577 F.3d 620, 624 (5th Cir. 2009)

(citing *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994)). This claim should therefore be denied.

6.    **Arrest**

Petitioner claims he was unlawfully arrested because officers failed to knock and announce their presence prior to entering his home.  He claims this unlawful arrest deprived the trial court of jurisdiction.  Petitioner's claims regarding an unlawful search and seizure are not cognizable on collateral review.  "Illegal search and seizures are non-jurisdictional defects that [Petitioner] waived his right to challenge when . . . he entered a knowing and voluntary guilty plea." *Norman v. McCotter*, 765 F.2d 504, 511 (5th Cir. 1985) (citations omitted).  This claim should be denied.

7.    **Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest.  Accordingly, the state courts' decision to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**IV.  Recommendation**

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition pursuant to 28 U.S.C. § 2254 be denied with prejudice for failure to make a substantial showing of the denial of a federal right.

Signed this 25 day of July, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).